IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**JOHN MOSLEY,**
*doing business as*
*Clinton Body Shop, Inc.*; and
**CLINTON BODY SHOP OF**
**RICHLAND, INC.**                                               **PLAINTIFFS**

**v.**                                  **CIVIL ACTION NO. 3:13-cv-161-LG-JCG**

**ANDREW NORDQUIST** et al.                              **DEFENDANTS**

___

<u>ORDER GRANTING IN PART AND DENYING IN PART GEICO'S MOTION
FOR ITS EXPENSES INCLUDING ITS REASONABLE ATTORNEY'S FEES
AND COSTS, CAUSED BY PLAINTIFFS' COUNSELS' FAILURE TO
TIMELY AND COMPLETELY RETURN GEICO'S DESIGNATED
DOCUMENTS</u>

BEFORE THE COURT is GEICO's Motion for Its Expenses Including Its

Reasonable Attorneys' Fees and Costs, Caused By Plaintiffs' Counsels' Failure to

Timely and Completely Return GEICO's Designated Documents (ECF No. 759).[1] By

previous Order, entered January 27, 2016, the undersigned United States

Magistrate Judge found that Plaintiffs' counsel Ellie F. Turnage and Halbert E.

Dockins, Jr., of Dockins, Turnage, and Banks, PLLC, and John Arthur Eaves, Sr.,

John Arthur Eaves, Jr., and Allison P. Fry of John Arthur Eaves Attorneys at Law,

should be sanctioned under Federal Rules of Civil Procedure 16(f) and 37(b)(2) and

obligated jointly and severally to reimburse GEICO for its reasonable expenses,

___

[1]Plaintiffs sued GEICO Insurance Company which is not an entity. All GEICO
companies issuing policies in Mississippi (Government Employees Insurance
Company, GEICO General Insurance Company, GEICO Casualty Company, and
GEICO Indemnity Company) have appeared and are collectively referred to as
"GEICO."

including attorney's fees, caused by the failure of Plaintiffs' counsel to return GEICO's "Confidential," "Highly Confidential," and "For Outside Attorney Eyes Only" documents ("Designated Documents") timely and completely. Three attorneys with the Eaves Law Firm have filed a response to GEICO's Motion. (ECF No. 761). The two attorneys with the firm of Dockins, Turnage, and Banks have not responded.

GEICO maintains that it has expended $48,671.18 in attorney's fees and costs in efforts to collect its Designated Documents. Granted, a Final Judgment in favor of GEICO was entered on December 16, 2014. The nearly $50,000.00 now at issue one year and nine months later is the amount of fees and costs that GEICO contends was billed to do what is essentially the following: ask for its documents back in three letters and one phone call, file a motion to compel when its informal efforts were not responded to, file a motion to show cause when its motion to compel was not responded to, prepare for and attend a hearing in Jackson, Mississippi, on the motion to show cause, and file a motion for reimbursement of its reasonable expenses, including attorney's fees. To accomplish these tasks, which are neither novel nor complicated, three partners from three different law firms, one "of counsel," two associates, and two paralegals billed in excess of 140 hours. The Court has calculated a reasonable sanction of $29,015.18, to be borne jointly and severally by Ms. Turnage, Mr. Dockins, Mr. Eaves, Sr., Mr. Eaves, Jr., and Ms. Fry.

I.  BACKGROUND

This action was filed on January 25, 2013, in the Circuit Court of Hinds County, Mississippi, First Judicial District. (ECF No. 1-2, at 2). On March 15, 2013, Defendants removed the case to federal court on the basis of diversity jurisdiction. (ECF No. 1). On July 30, 2014, a Stipulated Protective Order was entered, which provided:

> Within 90 days of final adjudication . . . all Material designated as Confidential, Highly Confidential or For Outside Attorney Eyes Only under this Order . . . shall be returned to the Disclosing Party at the Disclosing Party's expense. If the Disclosing Party agrees in writing, the Material may be destroyed by the Receiving Party.

(ECF No. 335, at 8).

On December 16, 2014, Chief District Judge Louis Guirola, Jr., granted summary judgment in favor of Defendants and against Plaintiffs on all claims. No appeal was filed. Plaintiffs' deadline for returning GEICO's Designated Documents was March 16, 2015.

GEICO's counsel wrote Plaintiffs' counsel letters in May, June, and October 2015, requesting the return of GEICO's Designated Documents and discussed the matter telephonically with Plaintiffs' counsel, Ms. Fry, in May 2015. Despite numerous requests, Plaintiffs failed to return GEICO's Designated Documents.

On October 23, 2015, GEICO filed a Motion to Compel Plaintiffs to Return GEICO's Designated Documents. (ECF No. 750). Plaintiffs filed no response to GEICO's Motion to Compel. On November 19, 2015, the Court granted GEICO's Motion to Compel and set a deadline of December 4, 2015, for Plaintiffs to return all

of GEICO's Designated Documents. (ECF No. 752). Plaintiffs' counsel was expressly warned that the Court would consider the imposition of sanctions against Plaintiffs' counsel personally if Plaintiffs failed to meet the December 4, 2015, deadline.

Plaintiffs did not return GEICO's Designated Documents by December 4, 2015. On December 11, 2015, GEICO filed its Motion for an Order to Show Cause and a Hearing Ordering Plaintiffs and Plaintiffs' Counsel to Prove Why They Should Not Be Held in Contempt of Court and Ordered to Pay Sanctions for Failing to Comply with Court Orders Related to GEICO's Designated Documents. (ECF No. 755). Plaintiffs did not respond to GEICO's Motion to show cause and for sanctions.

On January 4, 2016, a Notice of Hearing was issued, setting a hearing on GEICO's Motion for January 22, 2016. At 1:08 p.m. on January 21, 2016, twenty hours prior to the scheduled hearing and after the undersigned and opposing counsel had traveled to Jackson for the hearing, Plaintiffs' counsel, Ms. Fry, informed the Court by email that some disks had been found in an unoccupied office and returned to GEICO's local counsel. Ms. Fry could not confirm that all Designated Documents had been found and returned. Despite Plaintiffs' counsel having not responded to GEICO's Motion to Compel; not complying with the Court's December 4, 2014, deadline; not responding to GEICO's Motion for a show cause hearing and sanctions; not returning any of GEICO's Designated Documents until the afternoon before the hearing; and not being able to confirm that all of GEICO's Designated Documents had been found and returned, Ms. Fry posited that "we respectfully submit tomorrow's hearing is now moot . . . ." The Court disagreed.

On January 22, 2016, the hearing on GEICO's Motion for a show cause hearing and sanctions went forward, with Plaintiffs' counsel Mr. Dockins, Mr. Eaves, Sr., and Mr. Eaves, Jr. appearing. Ms. Fry did not attend, despite being the sole living person her co-counsel blames for the failure to return the Designated Documents. Ms. Turnage also did not appear.

At the hearing, the Court was provided no substantial justification for Plaintiffs' not having returned GEICO's Designated Documents, despite the passage of thirteen months since judgment in favor of Defendants. No substantial justification was given for Plaintiffs' (1) failure to respond to GEICO's Motion to Compel, (2) failure to abide by the Court's December 4, 2014, order, or (3) failure to conduct any meaningful search for GEICO's Designated Documents until the eve of a show cause hearing.

The Court found that Plaintiffs' counsel had been indifferent to the Court's Orders and deadlines, requiring the Court and GEICO's counsel to spend considerable time and resources addressing an unnecessary issue. A record of repeated indifference coupled with no substantial justification warranted sanctions. The Court found that Turnage, Dockins, Eaves, Sr., Eaves, Jr. and Fry should be obligated jointly and severally to reimburse GEICO for its reasonable expenses, including attorney's fees, caused by the failure of Plaintiffs' counsel to return GEICO's Designated Documents timely and completely. The Court invited GEICO to file a motion for reimbursement of its reasonable expenses, including attorney's fees, caused by the failure of Plaintiffs' counsel to return GEICO's Designated

Documents timely and completely. GEICO's Motion for expenses and fees was filed February 5, 2016, and is now before the Court.

## II. <u>DISCUSSION</u>

### a. <u>Legal Basis for Sanctions</u>

Federal Rule of Civil Procedure 37(b) empowers the courts to impose sanctions for failures to obey discovery orders. *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 488 (5th Cir. 2012) (quoting *Falstaff Brewing Corp. v. Miller Brewing Co.,* 702 F.2d 770, 784 (9th Cir. 1983)). A protective order under Federal Rule of Civil Procedure 26(c) is one type of discovery order covered by Rule 37(b). *Id.*

"In addition to a broad range of sanctions, including contempt, Fed. R. Civ. P. 37(b)(2) authorizes the court to impose a concurrent sanction of reasonable expenses, including attorney's fees, caused by the failure to obey a discovery order." *Smith & Fuller*, 685 F.3d at 488 (quoting *Falstaff Brewing,* 702 F.2d at 784). As one of the least severe sanctions available under Rule 37(b), the imposition of reasonable expenses does not require a finding of willful misconduct by the offending individual. *Id.* at 488-89 (citing *Chilcutt v. United States,* 4 F.3d 1313, 1323 n. 23 (5th Cir. 1993); *Pressey v. Patterson,* 898 F.2d 1018, 1021 (5th Cir. 1990)). Federal Rule 37(b)(2)(C) instructs that "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses,

including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."[1]

The Court has already determined that sanctions against Plaintiffs' counsel are warranted. That decision stands, despite the Eaves Firm's request that the Court reconsider its ruling. Four attorneys received electronic case filing notices on behalf of Plaintiffs, yet none of the four responded to GEICO's motions, and none responded to multiple orders of the Court. At the show cause hearing, Mr. Eaves, Jr., twice stated that the Eaves Firm had repeatedly searched for the Designated Documents. He intimated that the Eaves Firm had earnestly communicated with GEICO regarding the return of the documents. These incredulous statements were based on information allegedly obtained from Ms. Fry, but Ms. Fry, the Court was told, was too fraught to attend the hearing.

---

[1] The Court's inherent powers provide an equally adequate basis for issuing sanctions. "Federal courts have inherent powers necessary to achieve the orderly and expeditious disposition of their docket," which includes "the authority to punish for contempt in order to maintain obedience to court orders and the authority to impose reasonable and appropriate sanctions on errant lawyers practicing before the court." *Nat. Gas Pipeline Co. of Am. v. Energy Gathering, Inc.*, 86 F.3d 464, 467 (5th Cir. 1996). Civil contempt – unlike criminal contempt – "is a facet of a principal suit." *In re Stewart*, 571 F.2d 958, 963 (5th Cir. 1978). "Civil contempt is remedial; the penalty serves to enforce compliance with a court order or to compensate an injured party." *Id.* Even "[a]n unintentional violation of a protective order may lead to civil sanctions. However, it is appropriate for a district court to consider the degree of willfulness of the violation in determining the appropriate sanction." *Walle Corp. v. Rockwell Graphics Sys.,* No. 90-2163, 1992 WL 165678, *2 (E.D. La. July 6, 1992) (citations omitted). Sanctions are proper where clear and convincing evidence indicates "(1) that a court order was in effect, (2) that the order required certain conduct by the respondent, and (3) that the respondent failed to comply with the court order." *Lyn-Lea Travel Corp. v. Am. Airlines,* 283 F.3d 282, 291 (5th Cir. 2002). Courts also require a showing of "damages resulting from the violation." *Harrell v. CheckAGAIN, LLC,* No. 03-0466, 2006 WL 5453652, at *2 (S.D. Miss. July 31, 2006).

Sanctions could have been avoided had just one of Plaintiffs' multiple attorneys responded appropriately to GEICO's correspondence, GEICO's motions, and the Court's multiple orders.

b. Reasonable Attorneys' Fee Analysis

"The determination of a fees award is a two-step process." *Jimenez v. Wood Cnty.,* 621 F.3d 372, 379 (5th Cir. 2010). "First the court calculates the 'lodestar[,]' which is equal to the number of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work." *Id.* at 379.

The burden of proving the reasonableness of the hours expended is on the fee applicant. *Mota v. Univ. of Tex. Houston Health Sci. Ctr.*, 261 F.3d 512, 528 (5th Cir. 2001). In determining the number of hours billed, "courts customarily require the applicant to produce contemporaneous billing records or other sufficient documentation so that the district court can fulfill its duty to examine the application for noncompensable hours." *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995) (quoting *Bode v. United States*, 919 F.2d 1044, 1047 (5th Cir. 1990)). The Court must also determine whether the records show that GEICO's counsel exercised billing judgment. *Walker v. HUD,* 99 F.3d 761, 769 (5th Cir. 1996). Billing judgment is usually shown by the attorney writing off unproductive, excessive, or redundant hours. *Ill. Cent. R. Co. v. Harried*, No. 5:06-cv-160-DCB-JMR, 2011 WL 283925, at *10 (S.D. Miss. Jan. 25, 2011) (citing *Walker*, 99 F.3d at 769). A district court may reduce the number of hours awarded if the documentation is vague or incomplete, *La. Power & Light*, 50 F.3d at 324, and "should exclude all

time that is excessive, duplicative, or inadequately documented." *Jimenez*, 621 F.3d at 379-80.

In determining the hourly rates for purposes of calculating the lodestar, the Court must determine a reasonable rate for each attorney at the "prevailing market rates in the relevant community for similar services by attorneys of reasonably comparable skills, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 (1984). The applicant bears the burden of producing satisfactory evidence that the requested rate is aligned with prevailing market rates. *Wheeler v. Mental Health & Mental Retardation Auth. of Harris Cty., Tex.*, 752 F.2d 1063, 1073 (5th Cir. 1985).

Proceeding to the second step, the court can adjust the calculated lodestar amount based on the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron,* 489 U.S. 87 (1989). *See Jimenez,* 621 F.3d at 380. The *Johnson* factors are:

(1)     the time and labor required;

(2)     the novelty and difficulty of the questions;

(3)     the skill requisite to perform the legal service properly;

(4)     the preclusion of employment by the attorney due to the acceptance of the case;

(5)     the customary fee;

(6)     whether the fee is fixed or contingent;

(7)     time limitations imposed by the client or the circumstances;

(8)     the amount involved and the results obtained;

(9)     the experience, reputation, and ability of the attorneys;

(10)    the "undesirability" of the case;

(11)    the nature and length of the professional relationship with the client; and

(12)    awards in similar cases.

*Hensley v. Eckerhart*, 461 U.S. 424, 430 n.3 (1983) (citing *Johnson,* 488 F.2d at 717-19).

"The lodestar method yields a fee that is presumptively sufficient," and this presumption "is a 'strong' one." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552 (2010). "The lodestar may not be adjusted due to a *Johnson* factor that was already taken into account during the initial calculation of the lodestar." *Black v. SettlePou, P.C.,* 732 F.3d 492, 502 (5th Cir. 2013)(citing *Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 800 (5th Cir. 2006)). Many factors "usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate." *Hensely,* 461 U.S. at 434 n.9.

c.   <u>Lodestar Calculations</u>

GEICO alleges that Plaintiffs' Counsels' failure to timely and completely return the Designated Documents has caused GEICO to expend $43,774.68 in attorney's fees and costs. (ECF No. 759, at 2). This, says GEICO,

> includes $31,989.50 prior to and including the Hearing on GEICO's Motion for Order to Show Cause and for Sanctions, $10,722.50 to prepare the documents being filed today (including the affidavits necessary for Plaintiffs to confirm that they are complying with the Court's Orders), and $1062.68 in costs (primarily travel costs) related to this issue. GEICO estimates that it will

10

incur and [sic] additional $4,896.50 related to its Motion
for Attorneys' Fees, for a total of $48,671.18.

*Id.*

GEICO submits that these fees are reasonable because "they represent the
actual fees GEICO has incurred, in addition to an estimate of fees GEICO
anticipates it will incur in filing this motion," and "they are based on rates that are
reasonable given GEICO's attorneys' level of skill and experience." *Id.*

Attached to GEICO's Motion (ECF No. 759) are affidavits of attorneys Joshua
Grabel and Neville H. Boschert and itemized statements of fees and costs for Snell
& Wilmer LLP, Lewis Roca Rothberger Christie LLP, and Jones Walker LLP. Both
declarations attest to the reasonableness of the fees charged and state that all fees
identified in the itemized statements "are fees that have actually been billed to
GEICO and which GEICO has either paid or agreed to pay." (ECF No. 759-1, at 3,
759-3, at 3).

After initially contesting any award of attorney's fees – despite the Court's
prior order imposing such sanctions – the Eaves Firm argues that the amount
requested by GEICO is excessive and "not calculated at the prevailing market rates
within the relevant community." (ECF No. 761, at 7). The Court receives with
incredulity the Eaves Firm argument that it was unreasonable for GEICO's
national counsel to travel from Arizona to Jackson, Mississippi for the show cause
hearing given that "GEICO had competent Jackson counsel," and "the documents in
question had already been returned to GEICO's counsel." *Id.* at 8. Perhaps, the
Eaves Firm has forgotten that Mr. Eaves, Jr., conceded at the show cause hearing

11

that he was unsure whether all of the Designated Documents had been returned, and he begged for a "a few more days to try and locate these documents and return them with affidavits that we have not shared these with clients or other folks." (ECF No. 759-8, at 26).

       i.  Joshua Grabel

GEICO seeks attorney's fees for 37.8 hours billed by Joshua Grabel at the rate of $375 per hour. According to his affidavit (ECF No. 759-1), Mr. Grabel is a partner at the law firm of Lewis Roca Rothgerber Christie LLP and was previously a partner at Snell & Wilmer LLP. He has been practicing law for more than seventeen years and states that his hourly rate of $375 "is a reasonable rate for my skill and experience level and is a discount from my standard hourly rate." It does not appear that Mr. Grabel exercised billing judgment to exclude any hours, which therefore leaves his total requested fees at $14,175.00.

      ii.  Dan Goldfine

GEICO seeks attorney's fees for 1.1 hours billed by Dan Goldfine at the rate of $425 per hour. According to Mr. Grabel's affidavit, Mr. Goldfine is also a partner at the law firm of Lewis Roca Rothgerber Christie LLP and was also a partner at Snell & Wilmer LLP. He has been practicing for more than twenty-five years, and Mr. Grabel states that Mr. Goldfine's hourly rate of $425 "is a reasonable rate for his skill and experience level and is a discount from his standard hourly rate." It does not appear that Mr. Goldfine exercised billing judgment to exclude any hours, which therefore leaves his total requested fees at $467.50.

###### iii.   Jamie Halavais

GEICO seeks attorney's fees for 47.5 hours billed by Jamie Halavais at the rate of $275 per hour. According to Mr. Grabel's affidavit, Ms. Halavais is Of Counsel at Lewis Roca Rothgerber Christie LLP and was an associate at Snell & Wilmer LLP. She has been practicing for nine years, and Mr. Grabel states that Ms. Halavais' hourly rate of $275 "is a reasonable rate for her skill and experience level and is a discount from her standard hourly rate." It does not appear that Ms. Halavais exercised billing judgment to exclude any hours, which therefore leaves her total requested fees at $13,062.50.

###### iv.   Cindy Schmidt

GEICO seeks attorney's fees for 8.1 hours billed by Cindy Schmidt at the rate of $230 per hour. According to Mr. Grabel's affidavit, Ms. Schmidt is an associate at Lewis Roca Rothgerber Christie LLP and was an associate at Snell & Wilmer LLP. She has been practicing for three years, and Mr. Grabel states that Ms. Schmidt's hourly rate of $230 "is a reasonable rate for her skill and experience level and is a discount from her standard hourly rate." It does not appear that Ms. Schmidt exercised billing judgment to exclude any hours, which therefore leaves her total requested fees at $1,863.00.

###### v.   Nicole True

GEICO seeks attorney's fees for 11.7 hours billed by Nicole True at the rate of $230 per hour. According to Mr. Grabel's affidavit, Ms. True is an associate at Lewis Roca Rothgerber Christie LLP. She has been practicing for three years, and

Mr. Grabel states that Ms. True's hourly rate of $230 "is a reasonable rate for her skill and experience level and is a discount from her standard hourly rate." It does not appear that Ms. True exercised billing judgment to exclude any hours, which therefore leaves her total requested fee at $2,691.00.

   vi. Stacy Palmer and Tamara Blickensderfer

GEICO seeks attorney's fees for 2.7 hours billed by Stacy Palmer at the rate of $175 per hour and 3.7 hours billed by Tamara Blickensderfer at the rate of $175 per hour. According to Mr. Grabel's affidavit, Ms. Palmer is a paralegal at Snell & Wilmer LLP, and Ms. Blickensderfer is a paralegal at Lewis Roca Rothgerber Christie LLP. No information is provided regarding their experience, but Mr. Grabel states that their hourly rates of $175 are "reasonable" for their "skill and experience level" and a "discount from [their] standard hourly rate." It does not appear that either Ms. Palmer or Ms. Blickensderfer exercised billing judgment to exclude any hours, which therefore leaves their total requested fees at $472.50 and 647.50, respectively.

   vii. Neville Boschert

GEICO seeks attorney's fees for 19 hours billed by local counsel Neville Boschert at the rate of $360 per hour. According to his affidavit (ECF No. 759-3), Mr. Boschert is a partner at the law firm of Jones Walker LLP. He has been practicing law for more than thirty-four years and is "an experienced litigator in the practice areas implicated." Mr. Boschert states that his hourly rate of $360 "is a reasonable rate for my skill and experience level and is a discount from my

standard hourly rate." It does not appear that Mr. Boschert exercised billing judgment to exclude any hours, which therefore leaves his total requested fees at $6,840.00.

### viii.  Andrew Harris

GEICO seeks attorney's fees for 10.8 hours billed by local counsel Andrew Harris at the rate of $210 per hour. According to Mr. Boschert's affidavit (ECF No. 759-3), Mr. Harris is an associate at the law firm of Jones Walker LLP. He has been admitted to practice for three years. Mr. Boschert states that Mr. Harris's hourly rate of $210 "is a reasonable rate for his skill and experience level and is a discount from his standard hourly rate." It does not appear that Mr. Harris exercised billing judgment to exclude any hours, which therefore leaves his total requested fees at $2,268.00.

### ix.  The Court's Assessment of the Fee Requests

At the outset, the Court notes that this was a complex case, which informs the Court's determination of the reasonability of the rates charged. The relevant legal market is the Northern Division of the Southern District of Mississippi. Mr. Grabel's hourly rate of $375 is reasonable for a partner with seventeen years of experience. *See U.S. ex rel. Rigsby v. State Farm Fire & Cas. Co.*, No. 1:06-cv-433-HSO-RHW, 2014 WL 691500, at *15 (S.D. Miss. Feb. 21, 2014) (finding that $358 per hour was a reasonable rate in a complex case for a partner with fifteen years of experience). Mr. Goldfine's hourly rate of $425 is reasonable for a partner with twenty-five years of experience. *See id.* at *14 (finding that $400 per hour was a

15

reasonable rate in a complex case for a partner with more than twenty years of experience). Ms. Halavais' hourly rate of $275 is reasonable for "of counsel" with nine years of experience. *See id.* at *15 (finding that $262 per hour was reasonable in a complex case for an associate with ten years of experience). Ms. Schmidt, Ms. True, and Mr. Harris's hourly rates of $230, $230, and $210, respectively, are each reasonable for an associate with three years of experience. *See id.* at *16 (noting evidence that the average hourly rate in complex commercial litigation for associates is $208). Mr. Boschert's hourly rate of $360 is reasonable for a partner with thirty-four years of experience. *See id.* at *14.

The hourly rate of $175 billed for Ms. Palmer and Ms. Blickensderfer exceeds the prevailing market rate. *See id.* at *17-18 (finding that $165 per hour was an excessive billing rate for a paralegal). Though $175 per hour might not be unheard of, it is not customary. *See Hopwood v. State of Tex.,* 236 F.3d 256, 281 (5th Cir.2000) (citing *Leroy v. City of Houston,* 906 F.2d 1068, 1079 (5th Cir.1990)). The Court finds that $125 per hour is a reasonable rate for paralegal work. *See Rigsby*, 2014 WL 691500, at *17-18 (finding that $124 per hour is a reasonable rate for a paralegal).

Having donned its "green eyeshade," the Court has reviewed the billing records and finds that the total hours billed are excessive. *See Fox v. Vice,* 563 U.S. 826, 832 (2011). Although the substance of the underlying litigation was complex, the issue of the return of confidential documents subject to a protective order certainly is not. It is evident from the billing records that partners and "of counsel"

16

billed for work that associates could have done, attorneys billed for work that paralegals could have done, and even clerical work was occassionally billed. Some billing entries are vague, suggesting unproductive time, and the assignment was clearly overstaffed, which duplicated efforts. *See Calix v. Ashton Marine LLC,* No. 14-2430 c/w 15-3622, 2016 WL 4194119, *3 (E.D. La. July 14, 2016).

GEICO's Motion to Compel (ECF No. 750) included a five page memorandum (ECF No. 751) and was supplemented with copies of correspondence requesting compliance with the Protective Order that had been sent to Plaintiffs' counsel. A declaration by Joshua Grabel attesting to GEICO's attempts to compel compliance was also submitted. GEICO's memorandum brief was understandably light on case law and facts, as there was nothing difficult at issue, save the obstinacy of Plaintiffs' counsel. Nevertheless, GEICO's national counsel documented 22.5 hours of work on the motion: 8.1 hours by Ms. Schmidt, 11.6 hours by Ms. Halavais, and 2.8 hours by Mr. Grabel. *See* (ECF No. 759-2, at 2-3) (entries dated 6/25/2015-10/23/2015). To compensate for a lack of billing judgment, the hours will be reduced by half. Ms. Schmidt's hours on the Motion to Compel will be reduced by 4 hours, Ms. Halavais' by 5.8 hours, and Mr. Grabel's by 1.4 hours. Mr. Boschert, GEICO's local counsel, documented 0.4 hours reviewing and commenting on a draft of the Motion to Compel (ECF No. 759-4, at 2). The Court finds Mr. Boschert's billing to be reasonable.

GEICO's Motion for Order to Show Cause (ECF No. 755) also included a five page memorandum (ECF No. 756) and was supplemented with copies of emails

requesting compliance with the Protective Order and copies of GEICO's responses to Plaintiffs' discovery requests. Again, the memorandum was understandably light on case law and legal argument – it laid out the facts surrounding Plaintiffs' failure to comply with the Protective Order and the Court's Order granting GEICO's Motion to Compel (ECF No. 752), and sought an order to show cause why Plaintiffs' counsel should not be sanctioned and a hearing. In total, GEICO's national counsel documented 22.4 hours of work on the motion: 17.6 hours by Ms. Halavais and 4.8 hours by Mr. Grabel. *See* (ECF No. 759-2, at 4) (entries dated 12/8/2015-12/11/2015). To account for a lack of billing judgment, the hours will be reduced by half. Ms. Halavais' hours on the Motion for Order to Show Cause will be reduced by 8.8 hours and Mr. Grabel's by 2.4 hours. Mr. Boschert, GEICO's local counsel, documented 2.1 hours reviewing and commenting on a draft of the Motion for Order to Show Cause (ECF No. 759-4, at 3); the Court finds this to be unreasonable and that it should be reduced by half. Mr. Boschert's hours will be reduced by 1 hour.

The instant Motions for Attorneys' Fees and Costs (ECF No. 759) includes an eight page memorandum (ECF No. 760) and is supplemented with two declarations, itemized fee and cost statements, and deposition excerpts. Though the memorandum has a few more legal citations than those submitted with the Motion to Compel and Motion for Order to Show Cause, most of these citations simply set forth hornbook law regarding the lodestar method of determining fees. The memorandum also seeks to have the Court order Plaintiffs' counsel to again search their offices and computers for any unreturned Designated Documents and sign a

sworn affidavit confirming that all such documents have been returned. In total, GEICO's national counsel documented 28.7 hours of work on the motion: 11.4 hours by Ms. True, 13.4 hours by Ms. Halavais, and 3.9 hours by Mr. Grabel. *See* (ECF No. 759-2, at 6-7) (entries dated 1/27/2016-2/4/2016, beginning with Ms. Halavais' entry). To account for a lack of billing judgment, the hours will be reduced by half. Ms. True's hours on the Motion for Attorneys' Fees and Costs will be reduced by 5.7, Ms. Halavais' by 6.7 hours, and Mr. Grabel's by 1.9 hours. Mr. Boschert and Mr. Harris, GEICO's local counsel, documented 2.4 hours and 1.3 hours, respectively, working on the Motion for Attorneys' Fees and Costs; the Court finds this unreasonable and will reduce the time by half. Mr. Boschert's hours will be reduced by 1.2 hours, and Mr. Harris's hours will be reduced by 0.6 hours.

A number of itemized entries are inadequately documented with vague or otherwise unproductive descriptions and therefore the Court cannot conclude that these hours were reasonably expended. They are therefore noncompensable. These entries are listed below:

| 6/15/2015 | Halavais, Jamie | Work on return of confidential documents issue | 0.2 hours |
| 12/4/2015 | Goldfine, Dan W. | Analyze status of sanctions motion | 0.2 hours |
| 12/11/2015 | Goldfine, Dan W. | Analyze contempt issues and status | 0.2 hours |
| 12/16/2015 | Goldfine, Dan W. | Work on filings and return of documents issue | 0.1 hours |
| 12/28/2015 | Grabel, Joshua | Outline strategy re: next steps for Motion for Sanctions | 0.3 hours |

| 12/31/2015 | Grabel, Joshua | Follow up re: Plaintiff's failure to follow up on Motion for Sanctions and Contempt | 0.3 hours |
|---|---|---|---|
| 1/27/2016 | True, Nicole | Prepare to work on application for attorneys' fees | 0.3 hours |

Ms. Halavais' hours will be reduced by 0.2 hours, Ms. True's hours will be reduced by 0.3 hours, Mr. Goldfine's hours will be reduced by 0.5 hours, and Mr. Grabel's hours will be reduced by 0.3 hours.

A number of itemized entries by attorneys appear to resemble paralegal work. Paralegal work is compensable as attorney's fees if it is legal in nature, rather than clerical. *Vela v. City of Houston*, 276 F.3d 659, 681 (5th Cir. 2001). The Court finds that the following attorney entries are compensable, but at a reduced rate of $125 per hour that the Court has determined is reasonable for a paralegal in the relevant legal market:

| 12/10/2015 | Neville Boschert | Prepare materials regarding potential contempt motion against Eaves and Dockins Firms | 2.5 hours |
|---|---|---|---|
| 1/27/2016 | Neville Boschert | Work on materials for fee application | 1.7 hours |

4.2 hours of Mr. Boschert's total hours will be compensable at the reduced rate of $125 per hour instead of $360 per hour. The clerical work reflected in the following entries are not compensable:

| 11/18/2015 | Neville Boschert | Call to court re process for motion | 0.4 hours |
|---|---|---|---|

| | | to compel return of documents pursuant to protective order | |
|---|---|---|---|
| 1/21/2016 | Andrew Harris | Call to chambers re availability of court reporter for hearing on motion for order to show cause; Correspondence with J. Grabel re legal strategy and preparations for hearing on motion for order to show cause | 0.3 hours |
| 1/25/2016 | Neville Boschert | Various emails regarding hearing transcript and documents for fee application | 0.3 hours |
| 1/25/2016 | Andrew Harris | Call to court reporter re transcript; Correspondence with J. Havalais re court reporter and status of transcript; Draft letter to J. Grabel transmitting CDs received from A. Fry | 0.2 hours |

The two above entries by Mr. Harris document both attorney work and clerical work. However, without specific information about how much time was spent on each task, the Court cannot distinguish between the two and will not venture a guess. Mr. Boschert's hours will be reduced by 0.7 hours and Mr. Harris's hours will be reduced by 0.5 hours.

Finally, two itemized entries by GEICO's national counsel reflect work drafting affidavits for Plaintiffs' counsel to sign, affirming that they have diligently searched for any remaining Designated Documents and returned all Designated Documents to GEICO.[2]

| 2/4/2016 | Grabel, Joshua | Revise Motion for Attorneys' Fees, memorandum in support thereof, affidavit in support of Motion and summary of fees, and draft affidavits for counsel to prepare and related documentation for same | 3.00 |
|----------|----------------|---------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|------|
| 2/4/2016 | Halavais, Jamie | Work on motion for attorneys' fees, memorandum in support, declaration in support, fees chart and affidavits | 5.2 |

The Court invited GEICO to apply "for reimbursement of its reasonable expenses, including attorney's fees, caused by the failure of Plaintiffs' counsel to return GEICO's Designated Documents timely and completely." (ECF No. 758, at 5). The affidavits that GEICO's attorneys have drafted were of their own volition, and the time spent will not be reimbursed. Without specific information concerning how much time was spent drafting these affidavits, the Court cannot distinguish between time spent on compensable versus noncompensable tasks and will not

---

[2] The proposed affidavits are attached to GEICO's instant Motion. *See* (ECF Nos. 759-5, 759-6, 759-7).

speculate. These entries have already been halved for lack of billing judgment. Therefore, Mr. Grabel's hours will be reduced by 1.5 hours and Ms. Halavais' hours will be reduced by 2.6 hours.

GEICO requests reimbursement for $4,896.50 in additional anticipated expenses. Time billed on the Motion for Leave to File Rebuttal and the Rebuttal is not recoverable because "attorneys…are [not] entitled to receive fees for fee-defense litigation absent express statutory authorization." *Baker Botts L.L.P. v. ASARCO LLC*, 135 S. Ct. 2158, 2168 (2015). The Court did not request a rebuttal, but merely allowed GEICO to file one. The Court has considered the Rebuttal but finds it noncompensable under the circumstances. No billing records for the Rebuttal have been submitted, fees for litigating fees are not compensable, and the billing has been excessive. GEICO need not submit additional bills. "The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection." *Fox,* 563 U.S. at 832.

Applying these reductions in hours and rates, the following reflect the base lodestar calculation for each fee claimant:

| Josh Grabel | 30.3 hours | $375/hour | $11,362.50 |
| Dan Goldfine | 0.6 hours | $425/hour | $255.00 |
| Jamie Halavais | 23.4 hours | $275/hour | $6,435.00 |
| Cindy Schmidt | 4.1 hours | $230/hour | $943.00 |
| Nicole True | 5.7 hours | $230/hour | $1,311.00 |
| Stacy Palmer and Tamara Blickensderfer | 6.4 hours | $125/hour | $800.00 |
| Neville Boschert | 11.9 hours<br>4.2 hours | $360/hour<br>$125/hour | $4,809.00 |
| Andrew Harris | 9.7 hours | $210/hour | $2,037.00 |

d. *Johnson* Factor Adjustments

Neither party makes convincing arguments for further adjusting the presumptively reasonable lodestar calculations. Indeed, GEICO's position that its rates should be adjusted upwards – when it has billed almost $50,000 – is absurd. Many of the *Johnson* factors have already been considered in either determining reasonable hourly rates or culling out excessive, clerical, or inadequately documented hours. The lodestar calculations will stand as the Court's determination of reasonable attorneys' fees.

e. Costs and Expenses

Mr. Grabel documents $1,062.68 in total costs and expenses related to seeking Plaintiffs' Counsel's compliance with the Protective Order. This includes the costs of flights from Phoenix, Arizona, to Jackson, Mississippi, a rental car and hotel in Jackson, and meals while in Jackson. These costs are reasonable and compensable, notwithstanding Mr. Eaves, Jr.'s vacuous assertion that GEICO should have used its local counsel; the hearing would not have occurred if any of the five attorneys for Plaintiffs had handled this issue professionally and efficiently.

f. GEICO's Affidavits Drafted for Plaintiffs' Counsel to Sign

The undersigned questions why affidavits from Plaintiffs' counsel attesting that they have complied with the Court's orders are necessary. Mr. Eaves, Jr., was adamant at the hearing that "[w]e would be glad to provide affidavits" and outline the efforts taken to gather and return the Designated Documents. (ECF No. 759-8, at 26). Mr. Eaves, Jr., stated, "We would love to have a few more days to try and

24

locate these documents and return them with affidavits that we have not shared these with clients or other folks." *Id.* at 25. The undersigned ordered Mr. Eaves, Jr., to do as he promised.

There is nothing before the Court to indicate that any of the incorrigibly fractious attorneys in this case followed-up after the hearing to determine if this issue could be resolved without further Court intervention. The request that the Court force Plaintiffs' counsel to sign affidavits that Mr. Eaves, Jr., has attested that the Plaintiffs' counsel will be happy to sign is denied for noncompliance with Local Uniform Civil Rule 37.

g. Liability of John Arthur Eaves, Sr.

Plaintiffs' counsel argue in passing that Mr. Eaves, Sr. should not be sanctioned and should therefore be omitted from this Order because

> Mr. Eaves, Sr. was not an attorney of record in this matter. He did not sign the pleadings and did not participate in the litigation. He did not receive e-filing notices from the Court of any pleadings, notices, and/or orders. Simply put, Mr. Eaves, Sr. heard of the Motion for Sanctions and appeared in Court with his son, John Arthur Eaves, Jr. Nothing more.

(ECF No. 761, at 8). This is the first time that these arguments have been made, despite Mr. Eaves, Sr.'s presence at the show cause hearing. More germane to the issue of sanctions, however, is that two of the statements in the above-quoted representation are patently false. As pointed out by GEICO, Mr. Eaves, Sr., did "participate in the litigation," and he did indeed do more than attend the hearing to support his son. Mr. Eaves, Sr., appeared as Plaintiffs' counsel of record in at least four depositions and was copied on correspondence related to GEICO's Designated

Documents. *See* (ECF Nos. 764-1, 750-1, 750-2, 750-3, 750-4). Mr. Eaves, Sr. will be sanctioned the same as the rest of Plaintiffs' counsel, but should the rest of Plaintiffs' counsel feel that Mr. Eaves, Sr. should not be sanctioned for their contumacious conduct, they are more than welcome to pay Mr. Eaves, Sr.'s fair share of the jointly and severally imposed sanction.

## III.   CONCLUSION

**IT IS, THEREFORE, ORDERED** that GEICO's Motion for Its Expenses Including Its Reasonable Attorneys' Fees and Costs, Caused By Plaintiffs' Counsels' Failure to Timely and Completely Return GEICO's Designated Documents (ECF No. 759) is **GRANTED IN PART AND DENIED IN PART**.

**IT IS FURTHER ORDERED** that Plaintiffs' counsel Ellie F. Turnage and Halbert E. Dockins, Jr., of Dockins, Turnage, and Banks, PLLC; and John Arthur Eaves, Sr., John Arthur Eaves, Jr., and Allison P. Fry of John Arthur Eaves Attorneys at Law, are sanctioned in the amount of $29,015.18 under Federal Rule of Civil Procedure 37(b)(2) and obligated jointly and severally to reimburse GEICO for its reasonable expenses, including attorney's fees, caused by the failure of Plaintiffs' counsel to return GEICO's "Confidential," "Highly Confidential," and "For Outside Attorney Eyes Only" documents ("GEICO's Designated Documents") timely and completely.

**IT IS FURTHER ORDERED** that GEICO's request for an order directing Plaintiffs' counsel to sign sworn affidavits attesting to the return of all Designated Documents is **DENIED**.

**SO ORDERED**, this the 30th day of September, 2016.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE